**Ira G. JAFFESS, Plaintiff,**

v.

**SECRETARY, DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**No. 75 Civ. 785 (JMC).**

United States District Court, S. D. New York.

May 6, 1975.

Ira G. Jaffess, plaintiff pro se.

Paul J. Curran, U. S. Atty., S. D. N. Y. (Charles F. Richter, Asst. U. S. Atty., of counsel), for defendant.

## MEMORANDUM DECISION AND ORDER

CANNELLA, District Judge:

The Secretary's motion for summary judgment pursuant to Fed.R.Civ.P. 56(b) is hereby granted and plaintiff's like motion pursuant to Fed.R.Civ.P. 56(a) is hereby denied.

The plaintiff, Ira G. Jaffess, is a World War II Navy veteran who has received a disability benefits pension from the Veterans Administration (VA) since 1943. Such benefits are awarded pursuant to 38 U.S.C. § 521 and are based upon the payments formula contained therein. Under the statute, the amount of benefits payable varies depending upon the veteran's annual income from other sources, including income received under the Social Security Act, 38 U.S.C. § 503. A veteran who receives § 521 benefits is obligated by law to report changes in his annual income to the VA. 38 U.S.C. § 506 and 38 CFR §§ 3.660(a) and 3.661. The applicable regulation, 38 CFR § 3.660(a), declares, *inter alia,* that:

A veteran . . . who is receiving pension . . . must notify the Veterans Administration of any material change or expected change in his income or other circumstances which would affect his entitlement to receive, or the rate of, the benefit being paid. Such notice must be furnished when he acquires knowledge that he will begin to receive additional income at a rate which if continued

will cause his income to exceed the income limitation or increment applicable to the rate of the benefit being paid or when his marital or dependency status changes.

In the more recent past, Jaffess has also been receiving disability benefits from the Social Security Administration (SSA), but he has not reported such payments to the VA as required by law. Thus, in effect, he has received in recent years government benefits beyond those to which he was lawfully entitled.

On January 6, 1975, Jaffess received notice from the VA that his benefits under § 521 would be reduced from $143.00 to $6.32 per month because his expected income for 1975 included $2,913 in social security benefits. (*See* Complaint Exhibit 1.) Such adjustment apparently resulted from a computer comparison of persons who received § 521 benefits with those receiving social security benefits. This survey was performed "in order to locate persons who have failed to report their social security benefits to the VA as required by law," so that an appropriate adjustment of VA benefits could be made. Richter Affidavit of March 14, 1975 at 2 ¶¶ 6 and 7. Jaffess, it appears, is exactly the sort of person this computer check was designed to discover.

Given this drastic reduction in his benefits, Jaffess commenced the instant suit to recover $50,000 in damages. His complaint is premised upon the Privacy Act of 1974 (Act of Dec. 31, 1974, Pub. L. 93–579, 88 Stat. 1897 which, upon effectiveness, will be codified as 5 U.S.C. § 552a), the Freedom of Information Act, as amended, 5 U.S.C. § 552, as well as the constitutionally secured right of privacy. For the reasons which we discuss below, we find each of these grounds to be an insufficient predicate for the relief now sought.

The Privacy Act of 1974 can not serve as basis for the present claim

because such law, insofar as it is here relevant, does not become effective until 270 days after December 31, 1974, or September 27th of this year. Similarly, the provisions of the Freedom of Information Act are unavailing to plaintiff as he has failed to exhaust the administrative remedies specified thereunder prior to commencing this action. 5 U.S.C. § 552(a)(6)(C).

 Thus, plaintiff's claim resolves itself into one purportedly arising under the right of privacy guaranteed to citizens by the Constitution. In this regard, certain other provisions of the law are to be noted. 42 U.S.C. § 1306(a) prohibits the disclosure of matters concerning social security benefits which are contained in the Department of Health, Education and Welfare files, except in a fashion prescribed by appropriate regulations. The statute was enacted to preserve the privacy of social security recipients and the Secretary, in compliance with the statutory grant, has promulgated certain regulations which both limit the disclosure of information and advance legitimate governmental purposes. *See,* 20 CFR § 401.1 et seq. With regard to the precise factual contours of this case, 20 CFR § 401.3(f) is particularly pertinent. That regulation states, *inter alia*:

> Disclosure of any such file, record, report, or other paper, or information, is hereby authorized in the following cases and for the following purposes:
>
> . . . . . .
>
> (f) To any officer or employee of an agency of the Federal Government lawfully charged with the administration of a law providing for public assistance, or work relief, or pension, or retirement, or other benefit payments, only for the purpose of the proper administration of such law, or of the Social Security Act . . . .

Thus, the disclosure of Jaffess' social security benefits to the VA was clearly lawful under the regulation in view of the fact that the VA is obligated by statute to take such payments into account in its determination of benefits under 38 U.S.C. § 521. *See* discussion *supra.*

 This does not end the matter, however, as we recognize that compliance with these statutory and regulatory dictates can not justify conduct which has deprived Jaffess of constitutionally secured privacy rights. However, the short answer to plaintiff's privacy claim is that despite the recognition which courts have given to a constitutional right of privacy in other contexts, *i. e.,* the most intimate phases of one's personal life (*see, e. g.,* Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); Rosenberg v. Martin, 478 F.2d 520, 525 (2 Cir.), cert. denied, 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973); Roe v. Ingraham, 480 F.2d 102, 107–108 (2 Cir. 1973)), the present thrust of the decisional law does not include within its compass the right of an individual to prevent disclosure by one governmental agency to another of matters obtained in the course of the transmitting agency's regular functions. *See, e. g.,* Rosenberg v. Martin, *supra*; A. Miller, The Assault on Privacy 141–45, 190–205 (1971); A. Westin, Databanks in a Free Society 17–20 (1972); Miller, The Right of Privacy: Data Banks and Dossiers, in The Roscoe Pound-American Trial Lawyers Foundation, Privacy in a Free Society at 72 et seq. (1974); Note, On Privacy: Constitutional Protection for Personal Liberty, 48 N.Y.U.L.Rev. 670, 770–72 (1973); *cf.,* California Bankers Assn. v. Shultz, 416 U.S. 21, 94 S.Ct. 1494, 39 L.Ed.2d 812 (1974); Socialist Workers Party v. Attorney General, 510 F.2d 253 (2 Cir. 1974). Our research reveals no case in which a right of privacy has been recognized in circumstances such as these.

 What we have said *supra* is not intended to minimize the problems

presented by the interagency transfer of information within the federal government. Indeed, such activities are the subject of much of the commentary *supra* and fashioning the proper scope of such disclosure was the motivating force behind the newly enacted privacy legislation. *See*, S.Rep. No. 93–1183, 93rd Cong., 2nd Sess, U.S.Code Cong. & Admin.News 1974, p. 6916. Nor do we suggest that a constitutional right of privacy might not be found to exist and appropriate relief granted in instances where the government is possessed of highly personal and confidential information which has been given under compulsion of law and with an expectation of privacy and where the disclosure of such information is unnecessary for the advancement or inconsistent with the fundamental purposes for which the data was obtained. Rather, we hold only that, on the facts of this case, Mr. Jaffess has not been deprived of any constitutionally secured privacy right.

One further thought comes to mind. We recognize that plaintiff will suffer a great economic loss as the result of the reduction of his VA benefits. Unfortunately, this Court is not the forum in which the proper allocation of federal resources for former servicemen is to be decided, but we are sympathetic with the plight of men, like plaintiff, whose VA benefits are reduced to almost nothing when equally vital social security benefits of less than $3,000 a year are received. We urge that this matter be brought to the attention of the Congress and that our legislators seek out an equitable solution to the problem of providing disabled veterans with adequate economic benefits. *See*, Veterans of Foreign Wars Magazine, May 1975, at 6.

The defendant's motion for summary judgment is hereby granted and the plaintiff's motion for summary judgment is hereby denied. The Clerk shall enter judgment dismissing the complaint with prejudice but without costs.

It is so ordered.